**Carl HARRISON, Jr., Petitioner,**

v.

**Ray PAGE, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–13855.**

Court of Criminal Appeals of Oklahoma.

Nov. 17, 1965.

Carl Harrison, Jr., pro se.

Charles R. Nesbitt, Atty. Gen. of Oklahoma, for respondent.

BUSSEY, Presiding Judge.

This is an original proceeding in which Carl Harrison, Jr. seeks his release from confinement in the State Penitentiary at McAlester where he is currently imprisoned under authority and by virtue of a judgment and sentence rendered against him on a plea of guilty in the District Court of Oklahoma County, to the charge of Petit Larceny After a Former Conviction of a Felony.

We observe at the outset that the petitioner is an inmate of the State Penitentiary, unschooled in the law, who has prepared the pleadings herein. Under such circumstances the Court carefully scrutinizes the pleadings in a light most favorable to the petitioner to determine whether said petition contains any allegation which might entitle the petitioner to the relief prayed for. An examination of the verified pleadings discloses that the petitioner was represented by counsel of his choice

during all stages of the proceedings and at the time petitioner entered his plea of guilty; that the petitioner did not seek to withdraw his plea of guilty nor did he attempt to perfect an appeal to this Court; and further, that all of the questions which petitioner seeks to raise at this time are questions which could have been presented on appeal.

We have repeatedly held that habeas corpus is not a substitute for appeal and that when it appears that the trial court had jurisdiction over the person, subject matter and authority under law to pronounce the judgment and sentence imposed, habeas corpus will be denied.

It appearing to the Court that the trial court had jurisdiction of the person, subject matter and authority under law to pronounce the judgment and sentence imposed, we are of the opinion that the writ prayed for should be, and the same is hereby, denied.

NIX and BRETT, JJ., concur.